Peck, J.
This is a question of boundary, and the record exhibits the following facts.
Bowman holds under the oldest grant; the survey on which it is founded was made for Bradley Gamble in September, 1779, beginning at a stake on the south side of Boon’s Creek, corner to Thomas Hardeman, south 54 *292 degrees east 134 poles, to a stake in Hardeman’s line; then south 44 degrees west 144 poles, to a stake in John Hill's line; then north 54 degrees west 215 poles, to a white oak in John Hill’s line; then north 39 degrees east 148 poles, to a white oak, Hardeman’s corner, and with him several other courses to the beginning.
The defendant claimed under a grant to Samuel Kelso; the survey on which it was founded was made in March, 1790, and calls to adjoin the lands of Bradley Gamble, John Russel, and other lands of the said Kelso, beginning at a black-oak and post-oak, thence north 28 degrees east 148 poles, to a hickory; then north 55 degrees west- 209 poles, to a stake; then south 45 degrees west 132 poles;-then south 5 degrees east 250 poles, to the beginning.
Both surveys had been made by James Stuart.
To run the distance called for in the second line of Gamble’s grant will produce the interlock, as exhibited by the dotted lines, and include the defendant ; but in running the next line to reach the white oak which is called for, the call of course and distance must be departed from. If you stop at the black line A B, the defendant will not be in possession; and as the second line calls to terminate at Hill’s line, it will be for us to inquire if there be any proof of such a line. This brings us to the evidence in the exceptions.
The plaintiff proved by B. Shipley that he leased some land from Cox, the defendant, about five years ago; he built a kitchen, through which a line run, corresponding with the dotted line, but when marked, or by whom, he knew not. Ellis proved that he saw Cox laying the worm of a fence just within the marked line last described; that about twenty years ago, when a boy, fishing, he saw a new-made line across the creek; it had been marked by James Cox, Esq., now dead, to direct his son-in-law where to build his fence; that it was shown as the dividing-line between these grants.
Nathan Shipley, who had run the land and exhibited the diagram, proved that there is an old line in the direction of the hickory and white oak well marked; also the next call in Kelso’s grant, well marked, of the same age; that the line passing from the hickory to the white oak he had known for twenty years, and had always been understood to be a line of the grant to Kelso; he also proved that the first time he run the land, which was thirty years ago, there was but the one line, in the direction of the hickory and white oak.
The defendant then introduced a Mrs. Hoss as a witness. She proved that her first husband, Edmund Bean, lived on and owned part of the land granted to Kelso; that her husband, now dead, had shown her a line passing the white oak and in dhection of the hickory which he always told her was Kelso’s line, formerly Hill’s line, one Hill having lived on Kelso’s *293 land in early times; also stated that her second husband, Jacob I-Ioss, who was of the neighborhood, recognized this as the line of Kelso, and seemed to be well acquainted with it.
John Gates proved that Michael Massingill, how living, who once owned the tract granted to Gamble, had shown and recognized the line passing the white oak and hickory as the line between the two tracts ; this evidence was not objected to; and witness had known the line for thirty years, and knew of no other line crossing the valley and creek near that place.
The Court charged the jury that if they believed the black line, A B, to be the line of the grant under which the plaintiff claimed, they should find for the defendant. '
The jury found for the plaintiff, and the Court, on motion, refused a new trial.
If a boundary be called for which can be ascertained, distance must yield, and you must stop at the boundary.
The line which produces this dispute calls to terminate at Hill’s line.
Have we evidence which is strong and conclusive that the line A B is that called Hill’s line, in the survey made for Gamble? One other line is shown, but is accounted for.
Then we trace the existence of the line A B for thirty years, as known and recognized as the line between the two tracts; it is proved that Hill was resident on the tract of Kelso in the early settlement of the country; the line is recognized by an early owner of the tract granted to Gamble; so that in fact if we reject the evidence the length of line called for in the grant to Gamble affords, the evidence is all on the side of the defendant.
To this evidence, traced down for so long a period, we will add that the two surveys were made by the same person. It may safely be argued that he would not be likely to create the interference pretended.
Again, take the two plats, and they will harmonize and be consistent with the line contended for as Hill’s line; disregard that line and run the distance in Gamble’s grant, the next line to reach the white oak will distort the figure of the survey from that given by the surveyor, and"make a departure from the course. And where they will harmonize it is a very persuasive evidence of the boundary. Payton’s Lessee v. Dixon; Sparta, June term, 1823, Peck, 148.
This Court, with reluctance, will grant a new trial on the preponderance of testimony, especially against the denial of it by the judge who heard the cause more fully than we can through the aids a bill of exceptions affords.
But all the members of the Court being clear that the preponderance is so great in favor of the defendant, that it would do a violence to justice not to order a new trial.
Judgment reversed.